Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| CARLOS RIVERA ROMÁN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202300661 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Solicitud: ICG-1693-2023<br><br>Sobre: Orden Médica Entrega de Mattress |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Juez Ponente, Cruz Hiraldo

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2024.

Comparece por derecho propio la parte recurrente, Carlos Rivera Román, para solicitarnos que se revise y revoque la *Resolución* emitida el 30 de noviembre de 2023, notificada el 14 de diciembre, por el Departamento de Corrección y Rehabilitación.

Junto al recurso, el Recurrente acompañó una *Declaración en Apoyo de Solicitud para Litigar como Indigente (In Forma Pauperis)*, suscrita y juramentada por el recurrente. En atención a su solicitud, eximimos al Recurrente de presentar el correspondiente arancel de presentación y se autoriza litigar *in forma pauperis*.

Por los fundamentos que exponemos a continuación, se confirma la *Resolución* apelada.

I

El recurrente es un confinado ubicado en la Institución Correccional Guerrero 304 en Aguadilla, Puerto Rico. El 19 de octubre de 2023, el recurrente presentó una *Solicitud de Remedio*

Número Identificador

SEN2024 _____

*Administrativo* en la cual indicó que tenía una orden médica expedida el 23 de agosto de 2023 para un "*mattress*" ortopédico y que le había solicitado el mismo al Director Médico, Dr. Iván Rosario Rosado. El 21 de noviembre de 2023, el Departamento de Corrección y Rehabilitación respondió que, el 19 de octubre de 2023, se le informó al confinado que el "*mattress*" fue ordenado y se encontraban en espera del mismo.

Así las cosas, el 27 de noviembre de 2023, el recurrente presentó una *Solicitud de Reconsideración* expresando su inconformidad con la respuesta del Departamento de Corrección y Rehabilitación. En particular, esgrimió que han transcurrido más de tres (3) meses desde el pedido sin recibir el "*mattress*" y solicitó que se le diera seguimiento a la orden médica debido a que el "*mattress*" actual le complica los dolores de espalda baja por no encontrarse en buenas condiciones. En respuesta a la reconsideración, el Departamento de Corrección y Rehabilitación informó que el 20 de octubre de 2023 se ordenó el "*mattress*" a una compañía externa y que los procesos se demoran, por lo que llegaría el "*mattress*" ortopédico próximamente.

Insatisfecho, el 19 de diciembre de 2023, recibida por este Tribunal el 26 de diciembre de 2023, el recurrente presentó el recurso de revisión administrativa ante nos con el siguiente señalamiento de error:

> Primer Error – Los recursos administrativos ni la adm. de Corrección atendió correctamente el asunto planteado sobre la orden m[é]dica con [sic] la entrega del mattres [sic] ortopédico emitida el 8-23-2023, en Bayamón PR, por el fisiatra Dr. Julio Vázquez.

Examinado el recurso en su totalidad y, en aras de lograr el más justo y eficiente despacho, prescindimos del escrito de la parte recurrida, según nos permite la Regla 7(B)(5) del Reglamento del

Tribunal de Apelaciones[1]. Asimismo, procedemos a establecer el derecho aplicable y resolver conforme a ello.

II

## A. *Deferencia Administrativa*

El objetivo principal de la revisión judicial se enfoca en garantizar que las agencias administrativas actúen conforme a las facultades concedidas por ley.[2] Constituye una norma reiterada por el Tribunal Supremo de Puerto Rico que los tribunales apelativos deben conceder deferencia a las determinaciones de las agencias administrativas por la experiencia y conocimiento especializado que éstas poseen sobre los asuntos ante su consideración y que por ley se les ha delegado.[3] Por ello, las determinaciones de las agencias administrativas gozan de una presunción de legalidad y corrección que los tribunales deben respetar mientras que no se presente evidencia suficiente para superarla o invalidarla.[4]

La parte que impugna judicialmente una determinación de hecho de una agencia administrativa tiene el peso de la prueba para demostrar que estas no están basadas en el expediente o que las conclusiones a las que llegó son irrazonables.[5] Conforme a lo dispuesto en la sección 4.5 de la LPAU[6], las determinaciones de hechos de una agencia del Gobierno "se sostendrán si se fundamentan en evidencia sustancial que obre en el expediente administrativo."[7] A estos fines, el Tribunal Supremo ha establecido que la evidencia sustancial es "aquella prueba relevante que una

---

[1] 4 LPRA Ap. XXII-B, R. 7(B)(5).

[2] *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6; *Oficina de Ética Gubernamental v. Martínez Giraud, 209 DPR 79, 88 (2022).*

[3] *Hernández Feliciano v. Mun. de Quebradillas, supra*; *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, pág. 89; *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016).

[4] *Capó Cruz v. Junta Planificación et al.*, 204 DPR 581, 591 (2020).

[5] *González Segarra et al. v. CFSE*, 188 DPR 252, 276–278 (2013); *OCS v. Universal*, 187 DPR 164, 178–179 (2012).

[6] 3 LPRA sec. 2175.

[7] *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 187 (2009).

mente razonable podría aceptar como adecuada para sostener una conclusión".[8] Empero, la aceptación no puede estar sostenida por un ligero destello de evidencia o por simples inferencias.[9]

Ahora bien, el criterio rector al momento de pasar juicio sobre la decisión de un foro administrativo es la razonabilidad de la actuación de la agencia, luego de considerar el expediente administrativo en su totalidad.[10] Consecuentemente, la revisión judicial estará limitada a evaluar si la actuación de la agencia fue arbitraria, ilegal o irrazonable, constituyendo así un abuso de discreción.[11] De este modo, el alcance del proceso de revisión se ciñe a determinar: 1) si el remedio concedido por la agencia fue el apropiado; 2) si las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y; 3) si las conclusiones de derecho fueron las correctas.[12]

Por su parte, las determinaciones de derecho pueden ser revisadas en todos sus aspectos.[13] No obstante, la revisión judicial no equivale a la sustitución automática del criterio e interpretación del organismo administrativo.[14] Los tribunales revisores descartarán el criterio de los entes administrativos cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo.[15] En virtud de ello, los tribunales revisores descartarán el criterio de la agencia administrativa, en el cual cederá la deferencia administrativa, sólo cuando la agencia: 1)

---

[8] *Capó Cruz v. Junta Planificación et al.*, *supra*, citando a *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).

[9] *Oficina de Ética Gubernamental v. Martínez Giraud*, *supra*, pág. 90.

[10] *Oficina de Ética Gubernamental v. Martínez Giraud*, *supra*, pág. 89; *Torres Rivera v. Policía de PR*, *supra*, pág. 627; *Otero v. Toyota*, 163 DPR 716, 727 (2005).

[11] *Torres Rivera v. Policía de PR*, *supra*, pág. 626.

[12] *Id.*, pág. 627.

[13] *Oficina de Ética Gubernamental v. Martínez Giraud*, *supra*, pág. 90; *Capó Cruz v. Junta Planificación et al.*, *supra*.

[14] *Capó Cruz v. Junta Planificación et al.*, *supra*.

[15] *Id.*; *Rolón Martínez v. Supte. Policía*, *supra*, pág. 36.

erró al aplicar la ley; 2) actuó arbitraria, irrazonable o ilegalmente, o; 3) lesionó derechos constitucionales fundamentales.[16]

Además, el criterio administrativo no podrá prevalecer cuando la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual se aprobó la legislación y la política pública que la promueve.[17] En ese sentido, la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia.[18] Por ende, los tribunales tienen que armonizar, siempre que sea posible, todos los estatutos y reglamentos administrativos involucrados para la solución justa de la controversia, de modo que se obtenga un resultado sensato, lógico y razonable.[19]

Por último, cabe destacar que, en el ejercicio de la función revisora de los tribunales apelativos, los foros apelativos deben diferenciar entre asuntos de interpretación estatutaria, del cual los tribunales son especialistas, y los asuntos propios de la discreción o la pericia administrativa.[20]

## B. *Reglamento Núm. 8583*

El Reglamento Núm. 8583 de 4 de mayo de 2015, mejor conocido como el Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional (en adelante, "Reglamento Núm. 8583")[21], fue aprobada con el propósito de crear un mecanismo adecuado en la cual toda persona recluida en una institución correccional

---

[16] *Id.*; *JP, Plaza Santa Isabel v. Cordero Badillo, supra.*
[17] *Oficina de Ética Gubernamental v. Martínez Giraud, supra*, págs. 90-91.
[18] *Moreno Lorenzo v. Dept. de la Familia*, 207 DPR 833, 843 (2021).
[19] *Id.*
[20] *Hernández Feliciano v. Mun. de Quebradillas*, 2023 TSPR 6; *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).
[21] Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, Departamento de Corrección y Rehabilitación, 4 de mayo de 2015

pueda disponer de un organismo administrativo ante la cual pueda presentar una solicitud de remedio con el fin de minimizar las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la radicación de pleitos en los tribunales.[22] Asimismo, se creó División de Remedios Administrativos en el Departamento de Corrección y Rehabilitación para así atender cualquier queja o agravio que pudieran tener los confinados en contra de la agencia misma o sus funcionarios sobre cualquier asunto.[23]

En lo pertinente al caso de autos, una vez sometida una solicitud de remedios administrativos el Evaluador utilizará todos los procedimientos que estime necesarios para la obtención de la información requerida para brindar una respuesta adecuada al miembro de la población correccional.[24] Una vez se obtenga la información requerida, el Evaluador contestará y entregará por escrito la respuesta al miembro de la población correccional que presentó la solicitud dentro del término de veinte (20) días laborales.[25] No obstante, **en los casos en que la solicitud esté relacionada a un reclamo al área médica, el Evaluador entregará copia de la respuesta emitida por el Área Médica al solicitante, tal como la emitió el director médico**.[26]

### III

El recurrente señaló como error que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación y la administración de la Institución Correccional Guerrero no atendieron correctamente la orden médica sobre la entrega del "*mattress*" ortopédico. En primer lugar, el recurrente arguyó que el Dr. Iván Rosario Rosado no podía contestar el remedio

---

[22] *Id.*, pág. 1-2.
[23] *Id.*, pág. 2.
[24] *Id.*, pág. 27.
[25] *Id.*, pág. 28.
[26] *Id.*

administrativo ya que fue dirigido a él y que el mismo es contrario al Reglamento Núm. 8583. En segundo lugar, el recurrente indicó que han pasado más de cuatro (4) meses desde la orden médica, por lo que procede que se le ordene la entrega del "*mattress*" según la orden médica. No le asiste la razón.

En cuanto al planteamiento sobre incumplimiento con el Reglamento Núm. 8583, el Departamento de Corrección y Rehabilitación actuó conforme al inciso (4) de la Regla XIII de dicho reglamento. La misma es clara cuando dispone expresamente que cuando las solicitudes giran en torno a asuntos médicos, el Evaluador entregará la copia exacta de la respuesta que emitió el director médico. En el presente caso, el Evaluador, Sr. Henry Luna, entregó la copia de la respuesta emitida por el Director de Servicios Clínicos, Dr. Iván Rosario Rosado, al recurrente, tal como lo exige el Reglamento 8583.

En cuanto al planteamiento sobre la entrega del "*mattress*", tampoco se cometió el error señalado. El recurrente no ha probado que el Departamento de Corrección y Rehabilitación haya actuado de manera arbitraria, ilegal o irrazonable, de manera tal que constituya un abuso de discreción, sea errónea en derecho o haya causado alguna lesión a los derechos constitucionales fundamentales del recurrente. El Departamento de Corrección y Rehabilitación le informó al recurrente que el "*mattress*" fue autorizado y pedido el 20 de octubre de 2023 y que se encuentran en espera del mismo, lo cual es una indicación que su pedido está siendo atendido por la agencia y no amerita nuestra intervención en estos momentos.

IV

Por los fundamentos antes expresados, las cuales hacemos formar parte de este dictamen, se confirma la *Resolución* apelada dictada por el Departamento de Corrección y Rehabilitación.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones